JS 44  (Rev. 06/17)

17-cv-4305

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kelvin Correa, on behalf of himself and others similarly situated

## DEFENDANTS

C. Caramanico & Sons, Inc.

17   4305

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 800 Westdale Avenue, Swarthmore, PA 19081, 610-896-9909; Jeffrey Campolongo, 50 Monument Rd., Ste. 101, Bala Cynwyd, PA 19004, 484-434-8930

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA - collective/class action for unpaid overtime; individual action for race discrimination/retaliation

Brief description of cause:
Unpaid overtime, wrongful termination

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *Unliquidated*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   9/27/17

SIGNATURE OF ATTORNEY OF RECORD

SEP 27 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**17 4305**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *400 Glendale Road, Unit 30K, Havertown, PA 19083*

Address of Defendant: *6 Race Street, Upland, PA 19015*

Place of Accident, Incident or Transaction: *6 Race Street, Upland, PA 19015*

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                           Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                              Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                              Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                              Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                              Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) *FLSA Unpaid overtime*

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, *Scott M. Pollins* , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: *9/27/17*            _____            *PA 76334*
                              Attorney-at-Law                       Attorney I.D.#

                                                                 SEP 27 2017

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *9/27/17*            _____            *PA 76334*
                              Attorney-at-Law                       Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

Kelvin Correa, on behalf of himself
and others similarly situated
v.

C. Caramanico & Sons, Inc.

CIVIL ACTION

NO. **17   4305**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                   (⊗)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )

| | | |
|---|---|---|
| 9/27/17 | Scott M. Pollins | Plaintiff Kelvin Correa |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-896-9909 | 610-896-9910 | scott@pollinslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 27 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELVIN CORREA, on behalf of** | : | |
| **himself and others similarly situated** | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | |
| | : | |
| **C. CARAMANICO & SONS, INC.** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

### I.   INTRODUCTION

1. Plaintiff, Kelvin Correa (Correa), on behalf of himself and similarly situated current and former employees of Defendant, C. Caramanico & Sons, Inc. (Caramanico), is suing Caramanico under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*., the Pennsylvania Minimum Wage Act (PaMWA), 43 P.S. §333.101, *et seq*., the Pennsylvania Wage Payment and Collection Law (PaWPCL), 43 P.S. § 260.1, *et seq*. and for unjust enrichment. Correa is also suing Caramanico for racial/color/national origin/ethnic discriminatory and retaliatory discharge under 42 U.S.C. §1981 and retaliatory discharge under the FLSA, 29 U.S.C. §215(a)(3). Correa seeks all relief against Caramanico that he and his similarly situated current and former Caramanico employees are entitled to, including an order permitting this case to proceed as a collective action under the FLSA and as a class action under the PaMWA and PaWPCL, prompt notice to all potential collective and class action members, unpaid overtime/wages, liquidated damages, interest, attorney's fees and costs, and such other relief as the Court shall deem proper. For his wrongful discharge claim, Correa seeks all relief against Caramanico that he is entitled to under 42 U.S.C. §1981 and the FLSA,

including compensatory and punitive damages, back and front pay, and attorney's fees and costs.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over Correa's FLSA and Section 1981 claims pursuant to 28 U.S.C. §1331. This Court also has jurisdiction over Correa's FLSA claims pursuant to 29 U.S.C. §216(b). This Court has jurisdiction over Correa's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This lawsuit properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

## III.   PARTIES

4. Correa resides in Haverford, PA. Correa's race/color/national origin/ethnicity is dark skinned and Hispanic/Latino/Puerto Rican.

5. Caramanico is based in Upland, Delaware County, PA. Caramanico is a multi-million dollar, full service commercial landscaping company offering a wide range of services including landscaping, hardscaping and organic lawn care. Caramanico has about 55 employees.

6. Caramanico is an employer engaged in interstate commerce or in the production of goods for commerce. Caramanico has gross operating revenues exceeding $500,000. Caramanico is an employer covered by the FLSA, PaMWA, and PaWPCL.

2

IV.     **FACTUAL BACKGROUND**

A.      **FLSA, PaMWA and PaWPCL group claims for unpaid overtime**

7. Correa worked as a landscape maintenance crew member for Caramanico from about September 29, 2014 through June 2015 and a foreman/crew leader from about June 2015 through November 2, 2016.

8. During the time Correa worked as a foreman for Caraminico, he spent most of his time performing the same tasks he performed as a landscape crew member. He spent a small portion of his typical work day as a foreman overseeing crew members.

9. Caramanico paid Correa an initial hourly rate of $12/hour. Caramanico increased Correa's hourly rate to $14/hour in 2015 and to $17/hour in 2016.

10. Throughout Correa's employment at Caramanico, he regularly worked more than 40 hours each week.

11. Caramanico did not pay Correa proper overtime compensation for the hours he worked in excess of 40 hours each work week.

12. Upon information and belief, Correa's similarly situated laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders regularly worked and work in excess of 40 hours/week. Upon information and belief, Caramanico does not properly pay and continues to not properly pay Correa's similarly situated hourly-paid landscape employees, landscape maintenance crew members and foremen/crew leaders overtime compensation for the hours they worked and work in excess of 40 hours each work week.

13. Caramanico engaged in the following improper pay practices during Correa's employment: failing to pay proper overtime compensation, failing to correctly calculate

3

workers' overtime rate, failing to pay for time spent traveling from Caramanico's Upland location to work sites at the beginning of work days, and failing to pay for time spent traveling from work sites back to Caramanico's Upland location at the end of work days.

14. Upon information and belief, Caramanico has maintained these improper pay practices for at least the past three years and likely farther in the past than that.

15. Here are just a few examples of Caramanico's improper pay practices regarding Correa:

    a. For the pay period 3/11/15 – 3/17/15, Correa's earnings statement reflected he worked 52 hours. Caramanico paid Correa $14/hour for all 52 hours and did not pay him overtime compensation for the 12 hours of overtime he worked. Also, Caramanico paid Correa a 'snow bonus' of $1,500, however Caramanico did not use the bonus to adjust Correa's hourly rate and it cannot be determined whether the 'snow bonus' should have been included in determining Correa's hourly rate or whether the 'snow bonus' was a discretionary bonus pursuant to 29 C.F.R. §778.211 that Caramanico would not need to use in calculating Correa's hourly rate.

    b. For the pay period 3/18/15 – 3/24/15, Correa's earnings statement reflected he worked 77.3 hours. He was paid $14/hour for 58 hours and $21/hour for 19.3 hours. Caramanico failed to pay Correa overtime compensation for 18 hours.

    c. For the pay period 3/25/15 – 3/31/15, Correa's earnings statement reflected he worked 67.45 hours. He was paid $14/hour for all 67.45 hours. Caramanico did not pay him overtime compensation for the 27.45 hours of overtime he worked.

    d. For the pay period 4/8/15 – 4/14/15, Correa's earnings statement reflected he worked 91 hours. He was paid $14/hour for all 91 hours. Caramanico did not pay him overtime compensation for the 51 hours of overtime he worked.

    e. For the pay period 9/16/15- 9/22/15, Correa's earnings statement reflected he worked 95.24 hours. He was paid $14/hour for all 95.24 hours. Caramanico did not pay him overtime compensation for the 55.24 hours of overtime he worked.

    f. For the pay period 3/2/16 – 3/8/16, Correa's earnings statement reflected he worked 65.38 hours. He was paid $17/hour for 59.38

4

hours and he was paid $25.50/hour for 6 hours. Caramanico did not
pay him overtime compensation for 19.38 hours of overtime he
worked.

g.  For the pay period 3/23/16 – 3/29/16, Correa's earnings statement
reflected he worked 107.08 hours. He was paid $17/hour for all 107.08
hours. Caramanico did not pay him overtime compensation for the
67.08 hours of overtime he worked.

h.  For the pay period 5/18/16 – 5/24/16, Correa's earnings statement
reflected he worked 62.23 hours. He was paid $17/hour for all 62.23
hours. Caramanico did not pay him overtime compensation for the
22.23 hours of overtime he worked.

i.  For the pay period 7/6/16 – 7/12/16, Correa's earnings statement
reflected he worked 48.05 hours. He was paid $17/hour for all 48.05
hours. Caramanico did not pay him overtime compensation for the
8.05 hours of overtime he worked.

j.  For the pay period 8/17/16 – 8/23/16, Correa's earnings statement
reflected he worked 57.38 hours. He was paid $17/hour for all 57.38
hours. Caramanico did not pay him overtime compensation for the
17.38 hours of overtime he worked.

k.  For the pay period 9/21/16 – 9/27/16, Correa's earnings statement
reflected he worked 47.53 hours. He was paid $17/hour for all 47.53
hours. Caramanico did not pay him overtime compensation for the
7.53 hours of overtime he worked.

16. Caramanico willfully violated and is willfully violating the FLSA, PaMWA

and PaWPCL by failing to pay its non-exempt laborers, landscape maintenance and

construction employees, landscape maintenance and construction crew members and

foremen/crew leaders proper overtime compensation for hours they worked in excess of

40 hours/week and by maintaining the pay practices described in Paragraph 13 that

violate the FLSA, PaMWA and PaWPCL.

17. Correa brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action

on behalf of all laborers, landscape maintenance and construction employees, landscape

maintenance and construction crew members and foremen/crew leaders who, during any

workweek since September 27, 2014, worked more than 40 hours and were not properly paid by Caramanico.

18. Correa also brings this lawsuit as a class action pursuant to the PaMWA and the PaWPCL and Pa.R.Civ.P. 1701, *et seq*. on behalf of all laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders who, during any workweek since September 27, 2014, worked more than 40 hours and were not properly paid by Caramanico.

19. Correa and other members of the collective and class are 'similarly situated' because Caramanico subjected them all to the common employment practices summarized above and because resolution of the unpaid overtime and compensation claims requires discovery of many common facts, including Caramanico's compensation, timekeeping and payroll practices.

20. Upon information and belief, at least 10-15 individuals (and possibly many more) have been employed by Caramanico, including Correa, as laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders in the last three years and have been wrongfully denied compensation and overtime compensation as stated above.

21. Correa seeks certification of a class that shall include all persons who were employed as laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders for three years prior to the date this Complaint was filed until the date of entry of judgment in this case.

6

22. There are questions of law and fact common to this class, including Caramanico's liability to Correa and his potential collective and class mates under the legal theories set forth above.

23. As the named Plaintiff, Correa's claims are typical of the collective and class because it's believed that Caramanico improperly paid all or least most of its laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders.

24. Correa will fairly and adequately protect the interests of the collective and class. Through his counsel, he has adequate resources to prosecute this litigation as his counsel will advance all reasonable costs to prosecute this case. Additionally, Correa's counsel is experienced in wage and hour matters.

25. A collective and class action will provide a fair and efficient method for adjudication of this controversy because:

    a.  Common questions of law and fact predominate over questions affecting only individual members.

    b.  The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudications and outcomes and which could substantially impair or impede other members of the proposed collective and class to protect their interests.

    c.  The amounts in controversy are such that pooling the claims in a collective and class action is an efficient and less costly method of prosecuting such claims.

    d.   The complexity of the issues and the expenses of litigation arising from separate claims of individual class members strongly favor class action as a more efficient and fair method for adjudication of the class claims.

**B.**    <u>Correa's FLSA retaliatory discharge claim</u>

26. Correa complained about Caramanico not properly paying him overtime compensation to Tracy Rodia, believed to be an accounting manager with Caramanico, in about September 2015 and again in about April 2016. Ms. Rodia responded to Correa's complaints by telling him the money is in his paychecks, however she never explained to or showed him what she meant.

27. In about June 2016, Correa spoke with Caramanico's President, John Caramanico, Jr., at a safety meeting about being paid proper overtime compensation. Mr. Caramanico told Correa that he did not handle payroll issues and he should speak with Ms. Rodia. Correa told Mr. Caramanico he already had spoken with her and she had told him to talk to Mr. Caramanico because he was the owner of the company.

28. Caramanico wrongfully discharged Correa on November 2, 2016 because of his repeated complaints to management, including the President of the company, regarding Caramanico's illegal compensation and overtime practices.

**C.**  <u>Correa's race/color/national origin/ethnic discrimination and retaliation claims</u>

29. In approximately October 2016, Correa began reporting to Matt Tansey (Tansey), white. Tansey is a manager at Caramanico.

8

30. On November 1, 2016, Correa was working at a job site in Northern New Jersey. Correa and Joe White, Jr. (White), white, were the foremen at this job.

31. Correa's crew that day was him, Juan Perez (Perez) and Richard Delvalle (Delvalle).

32. That morning, Perez and Delvalle told Correa that White was sleeping in his truck and White's crew was not working. When Correa went to talk to White, White called Correa and his crew 'you freaking Mexicans.'

33. Correa then called Tansey to complain about White and his crew not working and White disrespecting Correa and his crew by calling them freaking Mexicans.

34. Later that day, White called Correa a snitch. White apparently found out, probably from Tansey, that Correa had complained about him.

35. The next day, November 2, 2016, James Pena (Pena) and Francisco Garcia (Garcia) were also at the Northern New Jersey work site.

36. In the afternoon, Correa loaded his truck with the heavy equipment that had been used on the job earlier that day. White told Perez to put bags of seed into Correa's truck, and Correa told Perez not to do that as Correa's truck was already overloaded. White yelled at Perez 'you do the f**k what I tell you to do because I am the boss!' Correa told White we can't load the seed because his truck is already overloaded. White walked toward Correa, got close to his face and said 'do not tell me what to do because I am the f**king boss here!' Correa told White 'do not scream at me or disrespect me!' White went back to his truck and called Tansey.

37. Later that day, Tansey texted Correa and asked him to come see him when he gets back to the shop. A few hours later, Correa returned to the shop and went to see

Tansey. Tansey told him that he had to let him go. Correa asked why? Tansey said because he grabbed White by the neck and threatened him. Correa said he did not do that. Tansey told Correa that he did not believe Correa and he believed White. Correa asked Tansey to talk to the other guys (most of which were Hispanic/Latino) that were there when this supposedly happened. Tansey said he does not have to talk to the other guys, he believes White.

38. Upon information and belief, Caramanico's President, John Caramanico, Jr., spoke with the other workers (most of which were Hispanic/Latino) who witnessed what happened and they corroborated Correa's version about what happened.

39. Nevertheless, Caramanico wrongfully terminated Correa, a Hispanic/Latino from Puerto Rico, for conduct that White, a similarly situated white employee, should have been terminated for.

40. Caramanico terminated Correa due to race/national origin/ethnic discrimination and/or in retaliation for Correa's complaint that White called him and his crew 'you freaking Mexicans'.

## V.     CLAIMS

### COUNT I – FLSA

41. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

42. The FLSA requires employers such as Caramanico to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 29 U.S.C. §207(a)(1).

43. Caramanico violated the FLSA by failing to pay its laborers, landscape maintenance and construction employees, landscape maintenance and construction crew

10

members and foremen/crew leaders (including Correa) proper overtime compensation for all hours worked in excess of 40 hours/week.

44. Caramanico violated the FLSA by maintaining illegal policies and practices, including failing to pay proper overtime compensation, failing to correctly calculate workers' overtime rate, failing to pay for time spent traveling from Caramanico's Upland location to work sites at the beginning of work days, and failing to pay for time spent traveling from work sites back to Caramanico's Upland location at the end of work days.

WHEREFORE, Correa seeks the following relief: 1) an order permitting this lawsuit to proceed as a collective action; 2) prompt notice of this lawsuit be given to all potential collective members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

## COUNT II – PaMWA

45. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

46. The PaMWA requires employers such as Caramanico to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 43 P.S. §333.104(c).

47. Caramanico violated the PaMWA by failing to pay its laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders (including Correa) proper overtime compensation for all hours worked in excess of 40 hours/week.

48. Caramanico violated the PaMWA by maintaining illegal policies and practices, including failing to pay proper overtime compensation, failing to correctly

calculate workers' overtime rate, failing to pay for time spent traveling from Caramanico's Upland location to work sites at the beginning of work days, and failing to pay for time spent traveling from work sites back to Caramanico's Upland location at the end of work days.

WHEREFORE, Correa seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) interest; 5) litigation costs including attorney's fees and expenses; and 6) such other relief as the Court shall deem proper.

## COUNT III – PaWPCL

49. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

50. The unpaid compensation Caramanico failed to pay Correa and other laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders is considered wages under the PaWPCL.

51. Caramanico violated the PaWPCL by failing to pay its laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders (including Correa) proper overtime compensation for all hours worked in excess of 40 hours/week.

WHEREFORE, Correa seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) liquidated damages; 5)

interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

## COUNT IV – UNJUST ENRICHMENT

52. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

53. At all times relevant to this Complaint, Caramanico by its policies and practices, benefited from, and increased its profits by failing to pay wages earned and due to Correa and his similarly situated laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders at a rate not less than 1 ½ times the regular rate of pay for all work performed in excess of 40 hours in a work week.

54. Caramanico accepted and received the benefits of the work performed by Correa and his similarly situated laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders without compensating them for said work. The profits of Caramanico were unjustly enriched at the expense of Correa and his similarly situated laborers, landscape maintenance and construction employees, landscape maintenance and construction crew members and foremen/crew leaders.

WHEREFORE, Correa seeks judgment for Caramanico's unjust enrichment in an amount equal to the benefits unjustly retained by Caramanico, plus interest on these amounts.

## COUNT V – FLSA RETALIATORY DISCHARGE

55. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

56. Correa engaged in the protected activity of complaining about payment of overtime, he was fired following his protected activity and Caramanico fired him because of him protected activity.

57.  The alleged legitimate non-retaliatory reasons Caramanico gave to Correa for his firing are pretextual. Caramanico's retaliatory discharge of Correa violates 29 U.S.C. §215(a)(3) and the public policy embodied in the FLSA.

WHEREFORE, Correa seeks the following relief: 1) back pay and back benefits; 2) front pay and front benefits; 3) compensatory damages; 4) liquidated/punitive damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

## COUNT VI – SECTION 1981 DISCRIMINATORY DISCHARGE

58. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

59. The acts, failures to act, practices and policies of Caramanico set forth above constitute race/color/national origin/ethnic discrimination in violation of Section 1981.

60. As a direct and proximate result of Caramanico's illegal discriminatory conduct, Correa has suffered damages in the form of back pay and benefits, front pay and benefits and emotional distress including, but not limited to, anxiety, stress, humiliation and embarrassment.

WHEREFORE, Correa respectfully demands judgment in his favor and against Caramanico for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, front pay in lieu of reinstatement, lost benefits,

negative tax consequence damages, punitive damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by Caramanico violated Correa's civil rights, equitable/injunctive relief directing Caramanico to cease any and all unlawful race/color/national origin/ethnic discrimination against Latino/Hispanic/Puerto Rican employees and such other relief as the Court shall deem proper.

## COUNT VII – SECTION 1981 RETALIATORY DISCHARGE

61. Paragraphs 1-40 are incorporated by reference as if fully set forth herein.

62. The acts, failures to act, practices and policies of Caramanico set forth above constitute retaliation in violation of Section 1981.

63. As a direct and proximate result of Caramanico's illegal retaliatory conduct, Correa has suffered damages in the form of back pay and benefits, front pay and benefits and emotional distress including, but not limited to, anxiety, stress, humiliation and embarrassment.

WHEREFORE, Correa respectfully demands judgment in his favor and against Caramanico for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, front pay in lieu of reinstatement, lost benefits, negative tax consequence damages, punitive damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by Caramanico violated Correa's civil rights, equitable/injunctive relief directing Caramanico to cease any and all unlawful retaliation against Latino/Hispanic/Puerto Rican employees and such other relief as the Court shall deem proper.

Respectfully submitted,                    Respectfully submitted,

By:   SMP2861                               By:      JC3646
      Scott M. Pollins                            Jeffrey Campolongo
      Pa. Atty. Id. No. 76334                     Pa. Atty. Id. No. 82608
      800 Westdale Avenue                         50 Monument Rd., Ste. 101
      Swarthmore, PA 19081-2311                   Bala Cynwyd, PA 19004
      (610) 896-9909 (phone)                      (484) 434-8930 (phone)
      (610) 896-9910 (fax)                        (484) 434-8931 (fax)
      scott@pollinslaw.com (email)                jcamp@jcamplaw.com(email)

Date:      9/27/17           Attorneys for Plaintiff, Kelvin Correa